UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARLENE K. PETITT,

    Plaintiff,

    v.

AIR LINE PILOTS ASSOCIATION,

    Defendant.

NO. C20-1093RSL

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

This matter comes before the Court on "Defendant Air Line Pilot Association's Motion to Dismiss Amended Complaint." Dkt. # 14. Plaintiff alleges that the Air Line Pilot Association ("ALPA") breached the duty of fair representation it owed her as a union member under the Railway Labor Act. Plaintiff asserts, among other things, that ALPA (a) failed to represent her at an October 15, 2019, hearing in which it sided with the airline in opposing plaintiff's grievance and (b) allowed language to be incorporated into the arbitrator's decision that prejudiced her AIR 21 whistleblower claim. Plaintiff further alleges that, but for ALPA's breach of the duty of fair representation ("DFR"), she "would never have been forced into a psychiatric evaluation for reporting safety [violations], if so, she would have only have lost a month of her career, not two years, she would have had her AIR 21 ruling by May 1, 2020, and would not have had to face extensive attorney bills to save her career and defend against Delta's frivolous motion based

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

upon the Wallin[] January 27, 2020 ruling." Dkt. # 4 at ¶ 164. Defendant seeks dismissal of all of plaintiff's claims on the ground that the alleged facts do not state a breach of the duty of fair representation claim for which monetary damages can be granted.

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The collective bargaining agreement and the record of the relevant grievance and arbitration proceedings are referenced in the complaint, form the basis of plaintiff's claims, and have been cited by both parties in their memoranda. The Court will therefore consider these documents in determining whether plaintiff has stated a viable cause of action.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having considered the Amended Complaint and the memoranda, declarations, and exhibits submitted by the parties, and drawing all reasonable inferences in favor of plaintiff, the Court finds as follows:

**A. Limitations Period**

The Amended Complaint contains a "History of Events" dating back to 2011. Dkt. # 4 at ¶¶ 9-153. The only events and actions that arguably fall within the six-month limitations period for a DFR claim relate to the October 2019 arbitration and the resulting award. *See West v. Conrail*, 481 U.S. 35, 37-38 (1987); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983). Plaintiff is barred from pursuing a DFR claim arising from events occurring prior to the October 2019 arbitration. There is no indication that plaintiff was unaware of the earlier events (such as ALPA's alleged mishandling of Grievance 16-11), and a time-barred claim is not revived simply because plaintiff later learns of additional impacts of the underlying events.

**B. Duty of Fair Representation**

The United States Supreme Court has long recognized that a labor organization has a statutory duty of fair representation that requires it "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). *See also*

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3

*Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192, 203 (1944). Plaintiff alleges that ALPA violated this duty in two respects: (1) by failing to object to certain statements made by Delta during an October 2019 arbitration and (2) by failing to prevent the inclusion of unnecessary (and potentially prejudicial) statements in the arbitration award. Each allegation is considered below.

**1. Failure to Object**

In his preliminary letter brief and during his initial statements at the arbitration, Delta's counsel, Jeffrey D. Wall, requested "that all proceedings of this Board be conducted on the record, including preliminaries and housekeeping matters that would typically be done off the record, as well as any side bars between the Board, counsel, handling of objections, and other procedural matters as we move forward." Dkt. # 15 at 77-78. After addressing a number of issues including the scope of the arbitration, admission of evidence, the timeliness of the grievances, the substantive arbitrability of the issues presented, and the facts underlying the grievances, the arbitrator noted that he had "a number of impressions" but had not yet had an opportunity to discuss them with the rest of the Systems Board Members. Dkt. # 15 at 116. While the arbitrator did not think the Board would have those discussions on the record, he gave Delta's counsel an opportunity to explain his initial request that all proceedings be recorded. In response, Delta's counsel stated:

> This proceeding here, in the view of Delta Air Lines, is not a proceeding in which the Association and Delta are necessarily opposing parties. First Officer Petitt has repeatedly criticized, and I would suggest even defamed representatives of the Association, including representatives of the national organization for ALPA, local counsel for ALPA, and other ALPA representatives, including what's known as AMAS, of ALPA Aeromedical.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 4

> Ms. Petitt has also seen fit to personally attack representatives of Delta , and has made false statements that question both the ethics and the conduct of Delta representatives, including myself and other attorneys, agents, medical professionals involved in this process.
>
> I would suggest the Association refrains from saying this to the Board, and so I will say it. It is our belief that the Association is in grave jeopardy in this proceeding of a duty of fair representation claim to be made by Ms. Petitt. She has employed her own counsel at various stages of this process, has used this process publicly, very publicly, to attack Delta Air Lines, its reputation, and certain officers and other former employees of Delta Air Lines.

Dkt. # 15 at 116-17. Delta's counsel urged the arbitration panel to conduct the proceedings with the utmost transparency, recording all deliberations that occurred during the hearing so that Ms. Petitt would be fully informed and there would be a complete record on review. *Id.* at 118. The arbitrator then requested a ten minute break in the proceedings to "sit here and think about things for a while." *Id.* He promised not to discuss what he had heard with other Board Members and invited them to leave the hearing room. *Id.* at 118-19.

When the hearing reconvened, the arbitrator offered "a series of thoughts, perhaps impressions, perhaps inclinations, perhaps leanings, and perhaps tendencies, based on what [he'd] heard thus far." *Id.* at 119. In his estimation, the claims asserted in two prior grievances had been finally resolved and were not subject to arbitration, the new evidence discovered in the separate AIR 21 whistleblower proceeding was simply additional support for the claims that were finally resolved in the two prior grievances, Ms. Petitt was on inquiry notice of all of her claims more than 120-days before the grievances were filed, and the arbitration panel did not have jurisdiction to hear or decide any of the claims asserted in the AIR 21 whistleblower proceeding. *Id*. at 119-26. ALPA, through attorney Jeffrey Loesel, requested another break in the

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 5

proceedings in order to talk with Ms. Petitt, then argued that, even if there were areas of overlap between the withdrawn grievances and those currently at issue, the arbitration panel needed to hear all of the evidence before determining which claims were precluded and which were sufficiently separable to be decided on the merits in the arbitration.. *Id*. at 126-27. The arbitrator invited ALPA to show how the claims presented in the current matter differed from that which was involved in Ms. Petitt's earlier grievances. *Id.* at 128-29.

Mr. Loesel then proceeded to discuss the claims at issue in the arbitration, attempting to show that some of the claims had never been raised before and that others, while having some overlap with prior grievances, were actually distinct violations of the collective bargaining agreement that were unknown to Ms. Petitt prior to November 2018. *Id.* at 130-32; 135-38; 141-45. When the arbitrator expressed skepticism that any remedy was available for the new violations alleged, ALPA pushed back, identifying a number of adverse consequences Ms. Petitt suffered as a result of the violations and the delay in resolving the underlying Section 15 process. *Id.* at 132-35; 145-47. Delta, addressing the delay issue, represented that it had sought to expedite resolution of the various grievances, but that "at every juncture, First Officer Petitt refused, and declined, and manipulated the process to avoid arbitration of her claims." *Id.* at 138. ALPA again pushed back, showing instances where Delta's delay in responding prevented grievances from moving forward toward adjudication. *Id.* at 139-40.

Despite Mr. Loesel's efforts, the arbitrator remained unconvinced. *Id.* at 147-48. After another brief recess to consult with Ms. Petitt, counsel again requested that he be permitted to put on evidence so that the arbitration panel had a clear understanding of the full scope of the issues in the various grievances. *Id.* at 149. The arbitration panel met in executive session and determined that the hearing should be recessed until the issues related to arbitrability were

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 6

decided: evidence on the merits of the grievances would not be taken unless and until the panel determined that one or more issues were arbitrable. *Id.* at 152. At ALPA's request, Ms. Petitt was given the opportunity to address the arbitration panel and provide context for her various grievances. *Id.* at 153-65. The proceeding was then adjourned.

Plaintiff alleges in the Amended Complaint that Delta counsel's statement that the arbitration "is not a proceeding in which the Association and Delta are necessarily opposing parties" constituted a representation that Delta and ALPA jointly opposed her grievances and led to the arbitrator's unfavorable rulings on the issues of timeliness and arbitrability. Dkt. # 4 at ¶ 163. She also argues that because ALPA did not object to or correct Delta's representations regarding (a) ALPA's interactions with Ms. Petitt and (b) ALPA's fear of a DFR claim, the arbitrator was convinced of the truth of the statements. As evidence, Ms. Petitt asserts that the arbitrator immediately took a recess to reflect on the fact that "both parties were on the same side," then refused to hear testimony and ruled against her on arbitrability. Dkt. # 19 at 13 and 16. Ms. Petitt also argues that ALPA breached its duty of fair representation by failing to object to Delta's assertion that any delays in the arbitration process were caused by Ms. Petitt. Dkt. # 15 at 138.

The record does not raise a plausible inference that the failure to object to the offending statements breached ALPA's duty of fair representation.

> "A union breaches its duty of fair representation only if its conduct is arbitrary, discriminatory, or in bad faith." *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002). Mere negligence in the handling of a grievance does not breach the duty of fair representation. *See, e.g., Patterson v. Int'l Bhd. of Teamsters, Local 959*, 121 F.3d 1345, 1349 (9th Cir. 1997); *Stevens v. Moore Bus. Forms, Inc.*, 18 F.3d 1443, 1447 (9th Cir. 1994). The question of whether the conduct is arbitrary is only relevant if the union's conduct was procedural or

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 7

ministerial and did not require the exercise of judgment; otherwise, the employee must show bad faith or discrimination. *See, e.g., Banks v. Bethlehem Steel Corp.*, 870 F.2d 1438, 1442 (9th Cir. 1989) (citing *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985)).

*Velez v. Int'l Longshoremen's & Warehousemen's Union*, 64 Fed. App'x 31, 32-33 (9th Cir. 2003). The dichotomy between procedural/ministerial acts and judgments about grievance processing is not absolute, however, but "merely a convenient shortcut for segregating acts of judgment from acts of nonjudgment." *Peters v. Burlington N. R. Co.*, 914 F.2d 1294, 1300 (9th Cir. 1990). "While some substantive decisions by unions can be undertaken indifferently enough or recklessly enough to result in union liability, unions will not be liable for 'actual, rational attempts ... to properly interpret a collective bargaining agreement or otherwise handle a grievance.'" *Breda v. Oregon Symphony Ass'n*, 928 F.2d 408, 1991 WL 36336, at *4 (9th Cir. 1991) (quoting *Peters*, 914 F.2d at 1300).

Applying these principles, it is clear that counsel's in-the-moment decisions not to object to Delta's statements regarding the need to create a full and complete record of the proceedings or the cause of the delay in the arbitration process involved the exercise of discretion and fall squarely on the "judgment" side of the continuum. There was no set procedure to follow or ministerial duty to perform, counsel's decisions were well within the range of reasonable conduct given the circumstances, there is no indication that Ms. Petitt identified a problem with the statements or requested that counsel take corrective action,[1] and counsel's overall conduct

---

[1] Plaintiff asserts in her opposition memorandum that she "expressed to Loesel her grave concern for the violation of professional ethics inherent in Wall's opening statement." Dkt. # 19 at 7. That assertion is unsupported by a declaration or other evidence, and it is unclear what ethics violation is alleged, how it relates to the claims asserted in this litigation, or what ALPA was supposed to do about it.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 8

during the arbitration reflects a fidelity to his client and her arguments that belies any argument that he was indifferent or reckless. That Ms. Petitt would have preferred a different, arguably better, response to Delta's statements does not give rise to an inference that counsel's decisions were arbitrary under governing Ninth Circuit law. *See Patterson*, 121 F.3d at 1349 ("A union acts arbitrarily only if it shows an "egregious" or "reckless disregard" for the rights of its members. . . . Further, "[w]e have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance.") (citations omitted); *Peterson*, 771 F.2d at 1254 ("[A] union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing."). Thus, Ms. Petitt's DFR claim related to counsel's decisions not to object during the arbitration hearing fails as a matter of law unless she has plausibly alleged bad faith or discrimination. *See, e.g., Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 880 (9th Cir. 2007).

Plaintiff argues that she has adequately alleged discrimination in paragraphs 29 and 31 of the Amended Complaint and/or through a July 2020 EEOC complaint and October 2020 lawsuit alleging Title VII violations. The conclusory allegations of discriminatory animus in the Amended Complaint are insufficient. In order to show that a union's actions are discriminatory for purposes of a DFR claim, plaintiff must provide "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. v. Lockridge*, 403 U.S. 274, 301 (1971). Both of the instances of discrimination alleged in the Amended Complaint involve events occurring long before the October 2019 arbitration and persons other than attorney Loesel. Neither suggests, much less

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 9

raises a plausible inference, that counsel failed to object at the arbitration because of discriminatory animus. Plaintiff cannot fill the gap with allegations of gender discrimination asserted in another case. *See Petitt v. Air Line Pilots Association*, C20-1569RSL. Those allegations are not part of the operative pleading in this case, and plaintiff has not sought to (and in fact declined ALPA's invitation to) amend this complaint to add allegations in support of a gender discrimination claim.[2]

In order to support a DFR claim based on allegations of bad faith, the allegations must give rise to a plausible inference that the union engaged in "fraud, deceitful action or dishonest conduct." *Humphrey v. Moore*, 375 U.S. 335, 348 (1964). Plaintiff argues that Loesel's failure to object to Delta's statement that the arbitration was "not a proceeding in which the Association and Delta are necessarily opposing parties" effectively conveyed to the arbitrator that both Delta and ALPA opposed her grievances and, considered with "the history of ALPA's unfavorable treatment of" Ms. Petitt as described in the complaint, gives rise to a plausible inference that ALPA engaged in deceit or dishonesty by conspiring with Delta to defeat its member's grievances. The Court disagrees. Delta's comment came in the context of its request that, based on plaintiff's history of complaints regarding adverse actions/decisions and the persons involved, the arbitration be conducted on the record as much as possible to provide maximum transparency. The statement that ALPA and Delta are not "necessarily opposing parties" involves the request for a full and complete record. It cannot reasonably or plausibly relate to the

---

[2] Plaintiff rebuffed ALPA's invitation to consolidate the two cases, instead declaring that her complaint and response to this motion to dismiss set forth all of the facts necessary to determine the viability of her DFR claim and requesting that this motion be resolved before consolidation is considered. C20-1569RSL (Dkt. # 10 at 2 and 6). Plaintiff's Title VII claim seeks compensatory and punitive damages arising out of the same conduct at issue here and may proceed regardless of the outcome of this motion.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 10

ultimate the outcome of the arbitration. Other than the request for a comprehensive record, virtually every other aspect of the case was contested. Mr. Loesel, representing plaintiff's interests, presented thorough and focused arguments regarding timeliness and arbitrability in both his initial letter memorandum and at the arbitration hearing. Although plaintiff surmises that the arbitrator understood Delta's statement and Loesel's failure to object as a coded message that the grievances should be rejected, the supposition is unreasonable where the parties spent hours developing written and oral arguments in support of or in opposition to the grievances. There is no indication that the arbitrator thought that ALPA and Delta were on the same side, Mr. Loesel made substantial efforts to counter arguments raised by both Delta and the arbitrator, and plaintiff does not identify any failure in ALPA's representation related to the issues that were ultimately decided against her, namely timeliness and arbitrability. Plaintiff has not plausibly alleged fraud, deceit, or dishonest conduct on the part of ALPA.

**2. Failure to Control or Edit the Language of the Arbitration Award**

At the outset of the arbitration proceeding, ALPA made clear that it and Ms. Petitt had concerns about the scope of the issues presented. Ms. Petitt was pursuing a separate AIR 21 whistleblower proceeding that challenged Delta's motivation in subjecting Ms. Petitt to a Section 15 procedure for perceived mental health issues. ALPA clarified that the issues presented to the arbitration panel had to do with procedural violations during the Section 15 process, not Delta's motivation in initiating the process. Dkt. # 15 at 78. It specifically requested that proposed exhibits related to the AIR 21 issues be excluded and that the inquiry during arbitration be limited to the grievances at issue. *Id.* at 78. Delta concurred. *Id.* at 81.

As discussed above, the arbitration hearing adjourned on October 15, 2019, with the understanding that the arbitration panel would determine whether the grievances at issue were

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 11

timely filed and arbitrable. On or about January 27, 2020, the arbitration panel[3] issued an "Opinion and Award" finding that grievance 18-13 was untimely filed and that grievance 19-05 was both untimely and substantively barred by the final and binding resolution of grievance 17-14. *Id*. at 193-94. In order to make these rulings, the panel deemed it necessary to "not only consider the two grievances, themselves, but also what influence there may be, if any, resulting from the disposition of two earlier grievances filed by Grievant." *Id*. at 186. On March 3, 2020, Delta filed a motion in the AIR 21 proceeding arguing that language contained in the arbitration award showed that Delta's motivation for initiating the Section 15 process had been finally determined in its favor in grievance 16-11, and that Ms. Petitt was therefore collaterally estopped from relitigating that issue. Ms. Petitt apparently alerted the APLA-appointed panel members of what Delta was trying to do: they subsequently lodged a dissent objecting to the outcome of the arbitration, the "extensive and unnecessary dicta" contained in the order, and the resulting ill-advised interference in the safety culture embedded in the AIR 21 process. *Id.* at 196.

Ms. Petitt asserts a DFR claim against ALPA based on these events, alleging that the two ALPA-appointed members of the arbitration panel "had a duty and obligation to request that the language addressing Delta's motive underlying the initiation of the Section 15 hearing, which had nothing to do with the grievances before the board and could have a deleterious impact on

---

[3] The copy of the "Opinion and Award" in the record has two signature pages. Both pages have five signature blocks, one for each member of the arbitration panel, but the first is signed only be the neutral member and Chairman, Gerald E. Wallin. Dkt. # 15 at 194. The second signature page is signed by all five members of the panel, but there is reason to believe that at least the ALPA-appointed members signed after March 3, 2020. Their signature blocks refer to an attached dissent which was written after Delta "attempted to submit a partially-executed version of this decision to the Administrative Law Judge in an attempt to have the Grievant's AIR21 case dismissed." *Id.* at 195-96.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 12

Petitt's AIR 21 claim, be removed from the ruling. . . . [A]t the very least a written dissent objecting to [the] dictum regarding Delta's motivation should have been made. It was not." Dkt. # 4 at ¶ 158. Plaintiff offers no source for the supposed duty of an ALPA-appointed panel member to advocate for or otherwise favor the union member in arbitrations under the governing collective bargaining agreement or federal labor law. In fact, the agreement makes clear that each panel member, whether appointed by Delta or ALPA, is "free to discharge his duty in an independent manner, without fear that his individual relations with the Company, the Association or their employees may be affected in any manner or by any action taken by him in good faith." Dkt. # 15 at 17. Nor does plaintiff allege or provide any indication that the ALPA-appointed panel members drafted the offending language, realized the use to which Delta would put it, or had the power to alter the "Opinion and Award." When they learned that Delta was attempting to use the award to scuttle plaintiff's separate AIR 21 claim (despite its counsel's agreement that the arbitration should have no impact on the AIR 21 proceeding), they lodged a dissent clearly opposing the inclusion of the unnecessary language and Delta's decision to repudiate its prior agreement. Given the circumstances, plaintiff has failed to raise a plausible inference that ALPA's conduct related to the arbitration award was arbitrary, discriminatory, or in bad faith.

For all of the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff has not alleged facts that give rise to a plausible inference that ALPA breached its duty of fair representation at the October 2019 arbitration or in the execution of the award. The claims asserted in the Amended Complaint are therefore DISMISSED. Based on plaintiff's submission,

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 13

she apparently believes that Mr. Loesel failed to object at the arbitration and that the ALPA-appointed members of the panel failed to champion her cause more aggressively in deliberations because she is a woman, in breach of the union's duty of fair representation. If plaintiff can, consistent with her Rule 11 obligations, amend the complaint to allege facts in support of such a claim, she may, within fourteen days of the date of this Order, file a motion to amend and attach a proposed pleading for the Court's consideration pursuant to LCR 15. Plaintiff's Title VII claim remains pending before the Court under a separate cause number and need not be duplicated here.

Dated this 17th day of May, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 14